COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Chalynn Lacey Wilson v. Ray Victor Wilson

Appellate case number:    01-21-00283-CV

Trial court case number:  2017-84605

Trial court:              257th District Court of Harris County

On February 7, 2023, appellant filed a "motion to lift any abatement and expedite consideration of review regarding the supplementation of the record." Appellant requests that the Court (1) confirm whether it has received a supplemental clerk's record from the Harris County district clerk and (2) reinstate this cause on the Court's docket and expeditiously resolve any challenges surrounding the supplementation of the record.

Appellant's motion is **DENIED**; however, the Court provides the following information:

- **Regarding appellant's first request**:

A first supplemental clerk's record was filed in this Court on January 12, 2023. The first supplemental clerk's record contains:

1. Order on Clarification/Nunc Pro Tunc, signed April 13, 2022;

2. Final Decree of Divorce Judgment Nunc Pro Tunch signed May 2, 2022; and

3. A copy of this Court's December 29, 2022, order regarding supplementation of the record.

The first supplemental clerk's record does not contain the other documents listed in appellant's motion, i.e., the listed excerpts from the "Canadian affidavit[s]."

Per this Court's previous order on December 29, 2022, any further items to be included in a supplemental clerk's record must be requested from the Harris County district clerk. Any item requested for inclusion in a supplemental clerk's record must have been on file when the trial court rendered its judgment. *See In re E.W.*, No. 05-01-01463-CV, 2002 WL 1265541, at *3 (Tex. App.—Dallas June 7, 2002, pet. denied) (not designated for publication) ("[R]ule 34.5(c)(1) allows for supplemental of the clerk's record if 'a relevant item has been omitted from the clerk's record.' However, the rule does not allow a party to supplement the reporter's record with documents that were not admitted into evidence. Nor does rule 34.5(c) permit the clerk's record in an appeal to be

supplemented unless it is clear that the item to be considered was on file when the trial court rendered judgment.").

- **<u>Regarding appellant's second request</u>**:

This appeal is not abated. Subject to change by the Court, this appeal is set for submission on the parties' briefs, without oral argument, on Wednesday, March 22, 2023, before a panel consisting of Justices Landau, Countiss, and Guerra.

It is so ORDERED.


Judge's signature: <u>/s Sarah Beth Landau</u>
      Acting individually


Date: <u>February 16, 2023</u>